1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN EDWARD MITCHELL,                    1:12-cv-00331-GSA-PC

12           Plaintiff,                       ORDER DENYING REQUEST TO
                                              CONSOLIDATE CASES
13       vs.                                  (Doc.  3.)

14   T. NORTON, et al.,                       ORDER DISMISSING COMPLAINT FOR
                                              FAILURE TO STATE A CLAIM,
15           Defendants.                      WITH LEAVE TO AMEND
                                              (Doc. 1.)
16
                                              THIRTY DAY DEADLINE TO FILE FIRST
17                                            AMENDED COMPLAINT

18

19   I.      BACKGROUND

20          John Edward Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma

21   pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On March 5, 2012, Plaintiff

22   filed the Complaint commencing this action, together with a Request to join this case with his

23   pending case 1:11-cv-01205-JLT-PC; Mitchell v. Pina by allowing a supplemental complaint

24   under Rule 15(d).  (Docs. 1, 3.)    The court construes Plaintiff's Request as a Request for

25   Consolidation.

26          On March 13, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action

27   pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 6.)

28   Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

                                               1

California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff's Request for Consolidation and Plaintiff's Complaint are now before the court.

**II.    SUMMARY OF COMPLANT**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently incarcerated at California State Prison-Sacramento in Represa, California.  The events at issue in the Complaint allegedly occurred at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California.  Plaintiff names as defendants Acting Chief Deputy Warden T. Norton, CCI (Correctional Counselor I) O. Bailey, Sergeant S. Marsh, Correctional Officer (C/O) G. Rodriguez, and Lieutenant A. Cruz (collectively, "Defendants").  All of the Defendants were employees of the CDCR at the time of the events at issue.  Plaintiff's factual allegations follow.

On August 22, 2009, Plaintiff was in administrative segregation (Ad-Seg) at the California Mens' Colony-East (CMC-E) in San Luis Obispo, California, when he was found guilty of a rules violation (RVR) for "assault on an inmate w/wpn" and thereafter received a fifteen-month SHU (security housing unit) term from Warden Mitchell [not a defendant]. (Compl. at 6 ¶7.)

On October 11, 2009, as a result of Plaintiff's appeal, Warden Mitchell ordered a reissue/rehearing of the RVR because of due process violations.  A reissue/rehearing order, per the DOM (Department Operations Manual) § 54100.18.3, reads, "a decision to order the rehearing of a disciplinary charge acts to void all prior dispositions concerning the CDCR 115 RVR being appealed, rendering a SHU term void."  (Compl. at 6 ¶8.)

On October 25, 2009, Plaintiff was sent by bus to SATF and housed in the SHU for the purpose of punishment, despite the RVR not being reissued or reheard.  On November 3 and 4, 2009, Plaintiff showed his counselor, defendant CCI O. Bailey, a copy of Warden Marshall's order and informed defendant Bailey that Plaintiff was inappropriately housed.

///

On November 5, 2009, Plaintiff was not allowed to attend a "new arrival" classification held by defendants Norton, Bailey, and Sgt. Marsh, due to an injury to his back suffered in the SHU.  (Compl. at 7 ¶11.)  On November 25, 2009, defendant C/O Rodriguez disposed of Plaintiff's personal property because Plaintiff was housed in the SHU.  "Ca. Admin. Code title 15 § 3190(d) reads:  'If the inmate received a SHU term, the inmate shall be required to dispose of unallowable property due to privilege group or security level and /or inst. mission change in accordance with section 3191(c).'"  (Compl. at 7 ¶12.)

On December 1, 2009, Plaintiff's rehearing was held in the SHU before defendant Lt. Cruz.  Plaintiff immediately objected to the hearing, telling defendant Cruz, "My due process rights are being violated because you already presume me guilty by having me in the SHU." (Compl. at 7 ¶13.)  Defendant Cruz responded, "Someone believes you're already guilty, I'm obligated to find you guilty, just appeal it."  (Id.)   Plaintiff asked, "Where is my radio, the alleged weapon?" and defendant Cruz said, I don't know, maybe they will send it later."  (Id.) Plaintiff informed defendant Cruz that the prior hearing was ordered to be reheard because Plaintiff had not been allowed to submit the alleged weapon in his defense or call his witness, the alleged victim, to explain why the victim's statements contradicted each other and whether Plaintiff was the assailant.  Plaintiff asked defendant Cruz to test the reliability of the confidential informant, who could not accurately answer when or where the incident took place.  Despite these obvious discrepancies, defendant Cruz failed to call CMC-E or question Plaintiff's requested witness, and found Plaintiff guilty.  On January 14, 2010, Plaintiff was given a fifteen-month SHU term from defendant Norton.

On August 30, 2010, Plaintiff was released from the SHU to Ad-Seg, and then back to the general population on December 13, 2010.

All of the Defendants authorized Plaintiff's wrongful confinement in the SHU for punitive reasons, without a rehearing and guilty finding of a "SHU-able" offense, in conflict with regulations and the DOM.  (Compl. at 8 ¶18.)  Plaintiff claims he was subject to "atypical and significant hardships . . . in relation to ordinary incidents of prison life."  (Compl. at 8-9 ¶21.)  The three custody levels in the CDCR – general population, Ad-Seg, and the SHU – are

each materially different from the others.  Ad-Seg is less stressful and violent than the SHU. The cell in Ad-Seg is designed differently and has a less stressful impact on the inmate psychologically, and inmates are allowed more time out of cell, easy access to the law library, and storage of personal property until the adjudication of a guilty finding of a "serious CDC 115." (Compl. at 9 ¶21.)  In the Corcoran SHU, inmates are sometimes confined to the cell for more than forty hours straight, sometimes denied daily showers, and subjected to little or no law library access, cold food, loss of legal documents, being called a "snitch" by officers when the Plaintiff complained about inmates banging on his cell walls, and the inability to get effective pain management because the doctors stereotype all SHU inmates as trying to get high by claiming malingering pain symptoms.  (Id.)

Plaintiff asserts that Defendants' actions as described in the Complaint did not advance a legitimate penological goal, nor were they tailored to achieve such a goal.  Defendants subjected Plaintiff to loss of liberty, property loss, physical injury, and emotional stress, and their actions were knowing, willful, and carried out with deliberate indifference and callous disregard for the Plaintiff's Constitutional rights.

Plaintiff requests monetary damages, declaratory and injunctive relief, and costs of suit.

**III.    CONSOLIDATION OF CASES – RULE 42(a)**

    **A.    <u>Legal Standard</u>**

Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, "If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all of the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on the motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case.  See <u>In re Air Crash Disaster at Florida Everglades on December 29, 1972</u>, 549 F.2d 1006 (5th Cir. 1977).  The decision whether to consolidate cases rests in the trial court's sound discretion, and is not dependent on party approval.  <u>Investors Research Co. v. United States Dist. Ct.</u>, 877 F.2d 777 (9th Cir. 1989); <u>Cantrell v. GAF Corp.</u>, 999 F.2d 1007,

1007, 1001 (6th Cir. 1993).  In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  <u>Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

**B.**     **<u>Plaintiff's Case 1:11-cv-01205-JLT-PC; Mitchell v. Pina</u>**

Plaintiff, proceeding pro se, filed case <u>1:11-cv-01205-JLT-PC; Mitchell v. Pina</u> at this court on July 21, 2011 as a civil rights action pursuant to 42 U.S.C. § 1983.  The events at issue allegedly occurred at SATF, where Plaintiff is presently incarcerated, between October 2009 and December 2010.   This earlier case now proceeds on Plaintiff's Second Amended Complaint filed on April 24, 2012, against defendants Chaplain R. Indermill, Sergeant H. A. Sumaya, and Lieutenant Pena, for violation of his rights to religious freedom under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Doc. 14.)  Plaintiff alleges in the Second Amended Complaint that the defendants failed to provide him with religious meals which Plaintiff, a Muslim, requested.

**C.**     **<u>Discussion</u>**

Plaintiff seeks to join or consolidate the present case with his pending case <u>1:11-cv-01205-JLT-PC; Mitchell v. Pina</u>, described above, because his claims in both cases arise from events at SATF during the same period of time.  Plaintiff contends that this joinder will serve the interest of judicial economy.

While it is true that Plaintiff's cases both arise from events at SATF during the same period of time, the two cases are otherwise distinctly different.  The cases proceed against entirely different defendants on entirely different allegations and claims. In the present case, Plaintiff alleges that defendants Norton, Bailey, Marsh, Rodriguez, and Cruz violated his rights to due process during prison disciplinary proceedings, whereas in case <u>1:11-cv-01205-JLT-PC; Mitchell v. Pina</u>, Plaintiff alleges that defendants Indermill, Sumaya, and Pena violated his religious rights by failing to provide him with religious meals.  The Court finds no common questions of fact in Plaintiff's two cases.  Consolidation of these actions would violate Rule 18 of the Federal Rules of Civil Procedure, which prohibits the joining of unrelated claims in the

1  same action.  Joining Plaintiff's defendants and claims together in one case would result in

2  confusion of the issues, prejudice to the defendants, and delay.  Therefore, Plaintiff's Request

3  shall be denied.

4  **IV.     SCREENING REQUIREMENT**

5       The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

7  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

9  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

10  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

11  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

12  appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

13       A complaint is required to contain "a short and plain statement of the claim showing

14  that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

15  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

16  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct.

17  1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955

18  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

19  unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

20  (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual

21  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S.

22  at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere

23  possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss

24  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

25  ///

26  ///

27  ///

28  ///

1    **V.      PLAINTIFF'S CLAIMS**

2         The Civil Rights Act under which this action was filed provides:

3              Every person who, under color of [state law] . . . subjects, or
              causes to be subjected, any citizen of the United States . . . to the
4              deprivation of any rights, privileges, or immunities secured by
              the Constitution . . . shall be liable to the party injured in an
5              action at law, suit in equity, or other proper proceeding for
              redress.
6

7    42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

8    Constitution and laws."  <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)

9    (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

10   deprivation of a state-created interest that reaches beyond that guaranteed by the federal

11   Constitution, Section 1983 offers no redress."  <u>Id</u>.

12        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

13   under color of state law and (2) the defendant deprived him of rights secured by the

14   Constitution or federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir.

15   2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16   meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts,

17   or omits to perform an act which he is legally required to do that causes the deprivation of

18   which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  "The

19   requisite causal connection can be established not only by some kind of direct, personal

20   participation in the deprivation, but also by setting in motion a series of acts by others which

21   the actors knows or reasonably should know would cause others to inflict the constitutional

22   injury."  <u>Id.</u> at 743-44.

23        **A.      <u>Supervisory Liability</u>**

24        Plaintiff has named defendants who hold supervisory positions.  Under section 1983,

25   Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his

26   rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff must

27   demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's

28   constitutional rights.  <u>Iqbal</u>, 556 U.S. at 676.

Plaintiff is also advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct.  Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045; accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

## B.    Denial of Access to Courts

Plaintiff claims that his First Amendment rights were violated during the prison appeals process.  To the extent that Plaintiff seeks to proceed on a claim for denial of access to the courts, Plaintiff fails to state a claim.

Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials.  Lewis v. Casey, 518 U.S. 343, 350, 116 S.Ct. 2174, (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011); Bounds v. Smith, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him.  Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.").  While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury.  Id. at

351; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  Plaintiff's Complaint is devoid of any facts suggesting any injury occurred as a result of denial of access to the courts.  Therefore, Plaintiff fails to state a claim.

### C.      Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff claims that his rights to equal protection were violated by Defendants. However, Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### D.      Due Process – Confinement in the SHU

Plaintiff claims that his rights to due process were violated by Defendants' disciplinary actions.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due

Process Clause itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  The

Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more

adverse conditions of confinement."  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384,

2393 (2005).  With respect to liberty interests arising from state law, the existence of a liberty

interest created by prison regulations is determined by focusing on the nature of the

deprivation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by

prison regulations are limited to freedom from restraint which "imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id</u>. at 484.

The Due Process Clause itself does not confer on inmates a liberty interest in being

confined in the general prison population instead of administrative segregation.  <u>See</u> <u>Hewitt</u>,

459 U.S. at 466-68; <u>see</u> <u>also</u> <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997) (convicted

inmate's due process claim fails because he has no liberty interest in freedom from state action

taken within sentence imposed and Ad-Seg falls within the terms of confinement ordinarily

contemplated by a sentence) (quotations omitted); <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th

Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement

normally expected by inmates in relation to ordinary incidents of prison life and, therefore,

plaintiff had no protected liberty interest in being free from confinement in the SHU)

(quotations omitted).

Plaintiff alleges that he spent ten months in the SHU, during which he was served cold

food, was called a "snitch" for complaining about noise, was not allowed to shower every day,

was deprived of his documents, and found the design of the cell to be stressful.  These

allegations do not rise to the level of an atypical and significant hardship to establish the

existence of a protected liberty interest in remaining free from the SHU.  A plaintiff must assert

a "dramatic departure" from the standard conditions of confinement before due process

concerns are implicated.  <u>Sandin</u>, 515 U.S. at 485–86; <u>see</u> <u>also</u> <u>Keenan v. Hall</u>, 83 F.3d 1083,

1088–89 (9th Cir.1996).  Plaintiff states that inmates in the SHU are allowed less time out of

their cells, receive little or no access to the law library, have a difficult time with pain

management because they are stereotyped, and are sometimes confined to their cells more than

1    40 hours straight.  These statements are not sufficient to show that Plaintiff himself was subject

2    to a "dramatic departure" from standard conditions at the prison outside of the SHU.  Plaintiff

3    fails to allege how much time he was allowed out of his cell, how much access to the law

4    library he was given, whether he was denied treatment for pain, or how often he was confined

5    to his cell more than 40 hours straight.  It is true that "[*s*]*ome* conditions of confinement may

6    establish an Eighth Amendment violation 'in combination' when each would not do so alone."

7    Chappell v. Mandeville 706 F.3d 1052, 1061 (9th Cir. 2013) (citing Wilson v. Seiter, 501 U.S.

8    294, 304, 111 S.Ct. 2321 (1991)).  But this only applies when the conditions "have a mutually

9    enforcing effect that produces the deprivation of a single, identifiable human need such as food,

10   warmth, or exercise—for example, a low cell temperature at night combined with a failure to

11   issue blankets."  Chappell at 1061.  Plaintiff has not alleged the deprivation of any such need

12   here.

13          Moreover, Plaintiff does not allege any specific injury caused by conditions in the SHU.

14   The fact that conditions in the SHU do not mimic those afforded the general population or

15   inmates in Ad-Seg does not trigger due process concerns.  Therefore, Plaintiff fails to state a

16   cognizable claim for violation of his rights to due process based on detention in the SHU.

17          **E.       State Law Claims**

18          Plaintiff alleges that Defendants failed to comply with state regulations and rules in the

19   Department Operations Manual.  Plaintiff is informed that violation of state tort law, state

20   regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim

21   for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal

22   constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court

23   may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a

24   cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  In this instance, the Court

25   fails to find any cognizable federal claims in the Complaint.  Therefore, Plaintiff's claims for

26   violation of state law fail.

27   ///

28   ///

1

**F.       Deliberate Indifference – Eighth Amendment Claim**

2

3        The Eighth Amendment protects prisoners from inhumane methods of punishment and

4 from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

5 Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim,

6 and only those deprivations denying the minimal civilized measure of life's necessities are

7 sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian,

8 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  "An Eighth Amendment

9 claim that a prison official has deprived inmates of humane conditions of confinement must

10 meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082,

11 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995).  First, the alleged deprivation must be,

12 in objective terms, "sufficiently serious."   Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct.

13 1970 (1994).   Second, subjectively, the prison official must "know of and disregard an

14 excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d

15 1310, 1313 (9th Cir. 1995).  The objective requirement is met if the prison official's acts or

16 omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Allen,

17 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a

18 plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross

19 negligence will constitute deliberate indifference.  Farmer at 833, & n. 4; Estelle v. Gamble,

20 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in

21 the criminal law is a familiar and workable standard that is consistent with the Cruel and

22 Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the

23 Eighth Amendment. Farmer at 839-40.

23        Plaintiff alleges that the Defendants acted with deliberate indifference.  However,

24 Plaintiff has not alleged facts showing that any individual Defendant acted against him while

25 knowing of and deliberately disregarding an excessive risk to Plaintiff's health or safety.

26 Therefore, Plaintiff fails to state a claim for deliberate indifference under the Eighth

27 Amendment.

28 ///

## VI.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  Therefore, the Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file a First Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934.  As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  Plaintiff should name each defendant and explain how each named defendant personally acted, or failed to act, resulting in a violation of Plaintiff's rights.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding unrelated issues or issues arising after he filed the Complaint on March 5, 2012.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no"buckshot" complaints).  In addition, Plaintiff should take care to include only those claims that have been exhausted.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's request to consolidate this case with case <u>1:11-cv-01205-JLT-PC; Mitchell v. Pina</u> is DENIED;

2.    Plaintiff's Complaint, filed on March 5, 2012, is DISMISSED for failure to state a claim, with leave to amend;

3.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

5.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:12-cv-00331-GSA-PC; and

6.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **May 9, 2014**                        **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE