UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>      Plaintiff,<br><br>   vs.<br><br>T. NORTON, et al.,<br><br>      Defendants. | 1:12-cv-00331-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 13.)<br><br>ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.   BACKGROUND

John Edward Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 5, 2012. (Doc. 1.) On March 13, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened the Complaint and issued an order on May 9, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 8.) On June 6, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.   SUMMARY OF FIRST AMENDED COMPLANT

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently incarcerated at California State Prison-Sacramento in Represa, California. The events at issue in the First Amended Complaint

allegedly occurred at the Corcoran State Prison (CSP) in Corcoran, California. Plaintiff names as defendants T. Norton (Acting Chief Deputy Warden), R. Chavez (Correctional Counselor II), O. Bailey (Correctional Counselor I), Sergeant S. Marsh, Lieutenant A. Cruz, and Correctional Officer (C/O) G. Rodriguez (collectively, "Defendants"). All of the Defendants were employees of the CDCR at CSP at the time of the events at issue. Plaintiff's factual allegations follow.

On October 11, 2009, as a result of successfully appealing his guilty finding of a Rules Violation Report for "assault on inmate w/wpn" while at California Mens Colony-East in San Luis Obispo, California, Plaintiff received a reissue/rehearing order of the RVR, due to due process violations. A reissue/rehearing order, per the DOM (Department Operations Manual) § 54100.18.3, is "a decision to order the rehearing of a disciplinary charge acts to void all prior dispositions concerning the CDCR 115 RVR being appealed, rendering a SHU term void." (First Amended Compl. (FAC) at 7 ¶1.)

On October 25, 2009, Plaintiff was sent by bus to CSP and housed in the SHU for the purpose of punishment, despite the RVR not being reissued or reheard. On November 3 and 4, 2009, Plaintiff showed his counselor, defendant CCI O. Bailey, a copy of the reissue/rehearing or order and informed defendant Bailey that Plaintiff was inappropriately housed.

On November 5, 2009, Plaintiff was not allowed to attend a "new arrival" classification held by defendants Norton, Bailey, and Sgt. Marsh, due to an injury to his back suffered when he fell in the shower. (FAC at 8 ¶4.) Plaintiff received emergency medical treatment for the fall. Plaintiff did not sign an "absentia" waiver as required by CCR § 3375(3)(A)(B). (Id.)

On November 25, 2009, defendant C/O Rodriguez disposed of Plaintiff's personal property because Plaintiff was inappropriately housed in the SHU. "Ca. Admin. Code title 15 § 3190(d) reads: 'If the inmate received a SHU term, the inmate shall be required to dispose of unallowable property due to privilege group or security level and /or inst. mission change in accordance with section 3191(c).'" (FAC at 8 ¶5.)

On December 1, 2009, Plaintiff's rehearing was held in the SHU before defendant Lt. Cruz. Plaintiff immediately objected to the hearing, telling defendant Cruz, "My due process

rights are being violated because I'm already presumed guilty being in the SHU already." (FAC at 8 ¶6.) Defendant Cruz responded, "Someone believes you're already guilty, I'm obligated to find you guilty, just appeal it." (Id.) Plaintiff asked, "Where is my radio, the alleged weapon?" and defendant Cruz said, "I don't know, maybe they will send it later." (Id.) Plaintiff informed defendant Cruz that the prior hearing was ordered to be reheard because the radio had not been allowed to be present in his defense, and for failure to call his witness, the alleged victim, to explain why the victim's statements contradicted each other and whether Plaintiff was the assailant. Plaintiff asked defendant Cruz to test the reliability of the confidential informant, who could not accurately answer when or where the incident took place. Despite these and other discrepancies, Plaintiff was found guilty.

In December 2009, Plaintiff informed defendant Sgt. March that he was interested in going to a Sensitive Needs Yard (SNY) because of retaliatory acts by corrections officers at different prisons. Sgt. March told him he could not go to SNY for staff-related issues.

On January 14, 2010, Plaintiff was given a fifteen-month SHU term by defendant Norton. On August 30, 2010, Plaintiff was released from the SHU to Ad-Seg, and then back to the general population on December 13, 2010.

Defendants Norton, Bailey, Chavez, Marsh, and Rodriguez wrongfully housed Plaintiff in the SHU before the adjudication of his guilt. Plaintiff informed defendants Norton, Bailey, Chavez and Marsh in November 2009 about his wrongful confinement without a rehearing, in conflict with regulations and the DOM. Plaintiff alleges that the Defendants' decision to hold the classification hearing without him being present was done to ignore the fact that Plaintiff was wrongfully housed and injured as a result of that housing.

Plaintiff alleges that defendant Norton was required to make an independent test of the reliability of the confidential informant regarding what the informant actually witnessed, before assessing the SHU term. Had he done that, Plaintiff asserts that Norton would have found there was no material evidence present at the hearing, because the confidential informant did not know where the alleged incident happened, or the date, or why it happened, all in conflict with the information investigators said he provided.

Plaintiff alleges that defendant T. Cruz failed to conduct a rehearing that conformed with due process requirements because Plaintiff was not given the opportunity to review the radio that he was accused of using as a weapon. The radio was critical to Plaintiff's defense, and the reissue/rehear order specifically required that Plaintiff be allowed to review the radio.

Plaintiff alleges that defendant G. Rodriguez did not check records available to him that would show that Plaintiff had not been assessed a SHU term and that his property should not be stored. Plaintiff alleges that his property was purposely disposed of, without regard to California regulations.

Plaintiff claims that Defendants imposed "atypical and significant hardships on the plaintiff in relation to ordinary incidents of prison life." (FAC at 12 ¶16.) The three custody levels in the CDCR – general population, Ad-Seg, and the SHU – are each materially different from the others. Plaintiff alleges that if he had been housed in Ad-Seg instead of the SHU, his property would have been stored until he was found guilty of the RVR, after which he would be given the actual SHU term in Ad-Seg. Inmates who are SNY and CCCMS, like Plaintiff, are allowed to go to group yard at least twice a week where they can walk around and engage in group activities. In Ad-Seg, the chances of being injured by slipping on a wet floor is less likely because Corcoran inmates in Ad-Seg can shower on the yard without having to be escorted or handcuffed or relying on an officer to hold him getting out of the shower. Plaintiff alleges that the inmates in Ad-Seg receive medical attention in a timely manner and with confidentiality, unlike in the SHU where officers delay or deny treatment because they have to get up and escort inmates to medical. In Ad-Seg, the doctor or mental health staff are present throughout the day. Plaintiff alleges that inmates in the SHU are usually presumed guilty, whereas inmates in Ad-Seg are treated more like pretrial detainees because it is known that inmates are held in Ad-Seg for various reasons.

Plaintiff alleges that Defendants' actions as described in the First Amended Complaint did not advance a legitimate penological goal, nor were they tailored to achieve such a goal. Defendants subjected Plaintiff to loss of liberty, property loss, physical injury, and emotional

stress, and their actions were knowing, willful, and carried out with deliberate indifference and callous disregard for the Plaintiff's Constitutional rights.

Plaintiff requests monetary damages, declaratory relief, costs of suit, and attorney's fees.

**IV.     PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

///

///

### A. Due Process

Plaintiff claims that his rights to due process were violated by Defendants' disciplinary actions.

### 1. Confinement in the SHU

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and Ad-Seg falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Plaintiff alleges that he was wrongly housed for two and a half months in the Corcoran SHU from October 25, 2009, when he arrived at CSP, until January 14, 2010, when he was

given a fifteen-month SHU term after being found guilty of a Rules Violation. During the time he was improperly held in the SHU, Plaintiff's personal property was disposed of, he injured his back from slipping and falling in the shower, he missed attending his classification hearing due to his injury, and he was presumed guilty because he was already in the SHU. Plaintiff alleges that unlike in other housing, he was not allowed to go to group yard, he had to be escorted and handcuffed when going to the shower, and he was unable to receive confidential or timely medical attention.

These allegations do not rise to the level of an atypical and significant hardship to establish the existence of a protected liberty interest in remaining free from the SHU. Moreover, it appears from Plaintiff's allegations that he was credited for his two and a half months in the SHU when he was assessed the fifteen-month term, because he was released from the SHU to Ad-Seg on August 30, 2010 and released to the general population on December 13, 2010. Thus, counting the two and a half months Plaintiff claims he was improperly housed in the SHU, he only served a total of fourteen months in the SHU and Ad-Seg before being released to the general population.

Plaintiff has not asserted a "dramatic departure" from the standard conditions of confinement, which is required to implicate due process concerns. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir. 1996). The fact that conditions in the SHU do not mimic those afforded the general population or inmates in Ad-Seg does not trigger due process concerns. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on detention in the SHU.

## 2. Loss of Personal Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the

procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that his property was improperly confiscated when he was improperly detained in the SHU. This indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

### B. State Law Claims

Plaintiff alleges that Defendants failed to comply with state regulations and rules in the Department Operations Manual. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court

fails to find any cognizable federal claims in the Complaint.  Therefore, Plaintiff's claims for violation of state law fail.

### C.      Adverse Conditions of Confinement – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective."  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995).  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment.  Farmer at 839-40.

Plaintiff alleges that the Defendants acted with deliberate indifference when they improperly housed him in the SHU.  However, Plaintiff has not alleged facts showing a sufficiently serious deprivation, or showing that any individual Defendant acted against him while knowing of and deliberately disregarding an excessive risk to Plaintiff's health or safety.

Therefore, Plaintiff fails to state a claim for adverse conditions of confinement under the Eighth Amendment.

### D. Denial of Access to Courts

Plaintiff claims that his First Amendment rights were violated during the prison appeals process. To the extent that Plaintiff seeks to proceed on a claim for denial of access to the courts, Plaintiff fails to state a claim.

Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials. Lewis v. Casey, 518 U.S. 343, 350, 116 S.Ct. 2174, (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011); Bounds v. Smith, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him. Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."). While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury. Id. at 351; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Plaintiff's Complaint is devoid of any facts suggesting any injury occurred as a result of denial of access to the courts. Therefore, Plaintiff fails to state a claim.

### V. CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The

Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

      Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal counts as a STRIKE pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

  Dated:   **March 19, 2015**                 **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE